**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
          sbogdanovich@bursor.com

*Attorneys for Plaintiff*

**PAUL HASTINGS LLP**
Kenneth P. Herzinger (SBN 209688)
Kelsey R. McQuilkin (SBN 340288)
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7040
Facsimile: (415) 856-7100
kennethherzinger@paulhastings.com
kelseymcquilkin@paulhastings.com

**PAUL HASTINGS LLP**
Aaron Charfoos (pro hac vice)
71 S. Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6016
Facsimile: (312) 499-6116
aaroncharfoos@paulhastings.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FAN, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br>v.<br><br>NBA PROPERTIES, INC. and DAPPER LABS, INC.,<br><br>                          Defendants. | Case No. 3:23-cv-05069-SI<br><br>**JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:      May 31, 2023<br>Time:     11:30 a.m.<br>Location: Zoom<br>Judge:    The Honorable Judge Susan Illston |

Counsel for Plaintiff Thomas Fan and Defendants NBA Properties, Inc. ("NBAP") and Dapper Labs, Inc. ("Dapper") (collectively, "Defendants") conferred regarding the matters discussed below. The Parties now submit this Joint Rule 26(f) report and Case Management Statement under Northern District Local Rule 16-9 and the Court's March 14, 2024 Order Continuing Initial Case Management Conference to May 31, 2024 (ECF No. 45).

**1. Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

**Plaintiff's Statement**

Plaintiff alleges that the Court has subject-matter jurisdiction over this action because Plaintiff alleges violation of federal law, including of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), giving rise to jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1332(d) (the Class Action Fairness Act), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and a member of the class is a citizen of a state different from any Defendant. Plaintiff alleges that the Court further has subject-matter jurisdiction because he has sufficiently pleaded injury in fact such that he has standing under Article III of the U.S. Constitution. Defendants have been served.

No issues currently exist regarding personal jurisdiction or venue.

All named Parties have been served.

**Defendants' Statement**

As stated in Defendant NBAP's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 59), NBAP disputes subject-matter jurisdiction due to Plaintiff's lack of Article III standing.

No issues currently exist regarding personal jurisdiction.

**2. Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiff's Statement**

This is a digital privacy class action complaint alleging that Defendants violated the VPPA and its California state law analog by using the Meta Tracking Pixel on their website, nbatopshot.com to disclose consumer's personally identifiable information to Meta Platforms, Inc. without obtaining proper written consent. Plaintiff alleges that Defendants are partners in the NBA Top Shot enterprise, as evidenced by press releases and public interviews, their sharing of profits and losses, and their joint control over the enterprise, including control over the nbatopshot.com website itself. The nbatopshot.com website is a platform where Defendants either directly sell, or provide a secondary market for consumers to trade "Moments." "Moments" are akin to 21st Century trading cards, which allow fans to own specific pre-recorded video clips of professional basketball players performing highlight-worthy plays.

Plaintiff alleges that when he or other putative class members watched or purchased video clips on nbatopshot.com, Defendants disclosed their Facebook IDs, along with the title of the "Moments" they viewed or purchased, along with the fact they viewed or purchased such "Moments" to Meta. They accomplished this through the Meta Tracking Pixel, which is a piece of code that Defendants can integrate into their websites and that tracks the people and type of actions they take and sends that information to Facebook.com (owned by Meta). The Facebook ID allows anybody – not just Facebook – to identify the individual NBA Top Shot purchaser with a Facebook account. If one types www.facebook.com/[FacebookID] into a browser, it will load that individual's Facebook page.

**Defendants' Statement**

This lawsuit is part of a proliferation of class actions recently filed in an effort to extend the reach of the VPPA to cover circumstances far removed from those that motivated the statute's passage – the disclosure to a reporter by a video rental store of a Supreme Court nominee's movie rental history – for purposes of raking in statutory damages awards.

Due to the various flaws in Plaintiff's case, he cannot establish Defendants violated the VPPA. Defendants are not a "video tape service provider" within the meaning of the VPPA. Even if they were, Plaintiff cannot show Defendants "knowingly disclosed" his PII, and thus cannot hold

Defendants liable for violation of the VPPA, because Defendants never, in fact, possessed the PII alleged to have been disclosed. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 986 (9th Cir. 2017) (rejecting VPPA claim where defendant never possessed the information necessary to actually identify plaintiff). As Plaintiff concedes in his Second Amended Complaint, Defendants never had access to a user's Facebook ID and thus could not have disclosed it. Rather, it is Plaintiff's browser that would have disclosed this information. Furthermore, NBA Top Shot account holders repeatedly consent to the disclosure of their purchase history in agreeing to the NBA Top Shot and Dapper Terms of Use and Privacy Policies when they sign up, and when they login each time thereafter. Plaintiff cannot establish a violation of Cal. Civ. Code § 1799.3 for these same reasons.

Even beyond putative class members' agreement to the disclosure, Defendants intend to oppose Plaintiff's motion for class certification. Defendants disagree that this matter should proceed as a class action, because Plaintiff cannot satisfy the necessary prerequisites under Rule 23. Defendants are confident that other deficiencies in the named Plaintiff's case will become apparent as the Parties engage in discovery.

Defendant NBAP has a pending Motion to Dismiss the Second Amended Complaint. It reserves the right to update this statement pending the resolution of the Motion to Dismiss.

**3. Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The following is a brief statement of the legal issues in dispute:

1. Whether Defendants are a "video tape service provider" under VPPA;

2. Whether Plaintiff and Class members are "consumers" as that term is defined by VPPA;

3. Whether Plaintiff and class members provided "informed written consent" under 18 U.S.C. § 2710(b)(2)(B) or "written consent" under Cal. Civ. Code § 1799.3(a) to both Defendants to share their PII with Meta;

4. Whether a consumer's "reasonable expectation of confidentiality" would have any bearing on the question of whether a consumer provided "informed

written consent" or "written consent" under the VPPA and its California state law analog;

5. Whether Defendants disclosed to Meta Plaintiff's and Class members' "personally identifiable information" with the meaning of the VPPA;

6. Whether Defendants did so "knowingly" or "willfully" within the meaning of the VPPA and its California state law analog;

7. Whether Plaintiff and Class members were aggrieved or suffered damage by Defendants' alleged misconduct;

8. Whether Defendants violated 18 U.S.C. § 2710, including with respect to the named Plaintiff;

9. Whether Defendants' actions were the cause of Plaintiff's and putative Class members' alleged injuries;

10. Whether Plaintiff's and/or putative Class members' claims are barred, in whole or in part, by provisions in the NBA Top Shot and/or Dapper Labs, Inc. Terms of Use and Privacy Policy;

11. Whether any claims are outside the two-year statute of limitations period provided for in 18 U.S.C. § 2710(c)(3);

12. Whether a finding of liability and imposition of statutory damages would be constitutional, including whether statutory damages would violate due process and/or constitute excessive fines and/or whether imposition of statutory damages would violate the limitation of liability agreed to under the NBA Top Shot and/or Dapper Labs, Inc. Terms of Use;

13. Whether class treatment of this matter is appropriate;

14. Whether Plaintiff and the Class are entitled to damages, punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred, and other preliminary and equitable relief as the court determines to be appropriate, as a result of Defendants' conduct.

**4. Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

### A. Prior and Pending Motions

Defendants filed a motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. ECF No. 25. On March 26, 2024, the Court granted the motion with respect to NBAP, and denied the motion with respect to Dapper, giving Plaintiff leave to amend its claims as to NBAP. ECF No. 48. Plaintiff did so, ECF No. 50, and Defendant NBAP filed a motion to dismiss this Second Amended Complaint on May 3, 2024. ECF No. 59. The hearing is set for June 28, 2024.

There are no other prior or pending motions.

### B. Anticipated Motions

Plaintiff intends to file a motion for class certification after conducting class-certification-related discovery, which will be opposed by Defendants. If the class is certified, Plaintiff and Defendants intend to file motions for summary judgment.

**5. Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

At this time, Plaintiff does not anticipate adding any additional parties or claims. Defendants reiterate that the right to amend is governed by Fed. R. Civ. P. 15 and reserves all rights under that Rule.

**6. Evidence Preservation**

*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

The Parties have appropriate litigation holds in place to preserve relevant evidence. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and discussed these Guidelines during their meet-and-confer conference. The Parties are not aware

of any particular ESI issues that may arise in this case but will address those with the Court if they arise and cannot be resolved by the Parties.

**7. Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The Parties have exchanged Rule 26 Initial Disclosures. The disclosures included the topics enumerated in Fed. R. Civ. P. 26(a)(1). The Parties did not believe any changes needed to be made in the form or requirement of the disclosures.

**8. Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

**Plaintiff's Discovery**

Plaintiff served Dapper with a first set of requests for production of documents and interrogatories.

Plaintiff believes discovery may be needed on:

 (a) Whether, how, why, and when Defendants utilized the Meta Tracking Pixel on nbatopshot.com;

 (b) What data Meta received from nbatopshot.com;

 (c) Whether the data Meta received from nbatopshot.com enables people to identify a particular individual as having requested or obtained specific "Moments";

 (d) To what extent NBAP exerted control over nbatopshot.com; and

 (e) Anything relevant to any potential affirmative defenses Defendants may raise.

**Defendant Dapper's Discovery**

Defendant Dapper intends to seek discovery on the following topics without limitation:

- Plaintiff's privacy settings on devices and web browsers through which he accessed the NBA Top Shot website, digital content offerings, and other digital services (collectively, the "Service" or "Services") of Dapper Labs, Inc. ("Defendant's Services");

- Plaintiff's use of Defendant's Services, including without limitation, when and how he watched alleged video content and when and how he encountered notices regarding updates to Defendant's Terms of Use and Privacy Policies;

- Inspection and forensic analysis of any devices Plaintiff used to access Defendant's Services;

- Information regarding any accounts created by Plaintiff in connection with Defendant's Services, including Plaintiff's NBA Top Shot account(s) and specific Moments purchased or gifted with those account(s) including when and how he created and logged into his NBA Top Account and;

- Information regarding Plaintiff's Facebook account(s), including his Facebook ID, privacy settings, and any content posted by Plaintiff to his account(s);

- Plaintiff's knowledge of the Meta Pixel, including any discussions he has had with others about the Meta Pixel and this lawsuit;

- The value of Plaintiff's personal information, including all steps that Plaintiff has taken to purportedly protect such personal information in relation to the Internet, and any actual damages that Plaintiff contends he suffered as a result of Defendant's alleged conduct; and

- Plaintiff's usage of other websites and streaming services, as well as Plaintiff's purchase of other non-fungible tokens (NFTs).

**NBAP Discovery**

Pursuant to the Court's Order Granting the Parties' Joint Stipulation, ECF No. 57, discovery and related deadlines as to Defendant NBAP are stayed, and to the extent that the Court does not dismiss the case against NBAP, discovery and related deadlines as to NBAP will be extended until fourteen days after the NBAP files an answer to the Second Amended Complaint.

\* \* \*

The Parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation materials, and they agree to address any such issues if and when they arise.

  Neither Party requests that the Court change the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule, nor do they propose other limitations. Both Parties reserve the right to make additional requests regarding discovery limitations prior to the discovery cut-off date.

**9. Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

  <u>Plaintiff's Contention</u>:

  Plaintiff seeks to certify a class of similarly situated individuals defined as all persons in the United States who have Facebook and nbatopshot.com accounts, and viewed or purchased video clips on nbatopshot.com during the statutory period (the "Class"). Plaintiff also seeks to certify a California Subclass defined as all persons in the state of California who have Facebook and nbatopshot.com accounts, and viewed or purchased video clips on nbatopshot.com during the statutory period (the "California Subclass" or "Subclass"). Plaintiff will file a motion for class certification once the proper Parties in the suit are settled and after appropriate Party and third-party discovery has been completed. The Parties have agreed to a briefing schedule for class certification motion briefing, as outlined in the pre-trial schedule below.

  <u>Defendants' Contention</u>:

  Defendants intend to oppose Plaintiff's motion for class certification. Defendants disagree that this matter should proceed as a class action, because Plaintiff cannot satisfy the necessary prerequisites under Rule 23.

**10. Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

  The Parties are not aware of any related cases at this time.

**11. Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom*

*damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff will request that the Court order the following relief and enter judgment against Defendants as follows as applicable for the proposed class:

1. An Order for injunctive relief prohibiting Defendants from disclosing Plaintiff and class members' personally identifiable information to Meta without their appropriate written consent under the VPPA and its California state law analog;

2. Statutory damages to Plaintiff and Class Members under the VPPA and its California state law analog to the extent available;

3. Reasonable litigation expenses and attorneys fees to the extent available;

4. Pre- and post-judgment interest, to the extent allowable; and

5. All other relief that the Court deems necessary, just, and proper.

Defendants deny that Plaintiff and putative Class members are entitled to any of the relief sought. Defendant Dapper does not assert any counterclaims or claims for damages at this time. Defendant NBAP has a currently pending motion to dismiss Plaintiff's Second Amended Complaint.

**12. Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties filed ADR Certifications in accordance with ADR L.R. 3-5. *See* ECF Nos. 15-18. The Parties are willing to participate in ADR, but believe it is premature to engage in ADR or settlement discussions at this time. Per ADR L.R. 3-5, the Parties have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov.

**13. Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14. Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The Parties do not believe that any issues can be narrowed at this time.

**15. Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Parties have agreed to the following joint proposals for scheduling:

| Event | Deadline |
| --- | --- |
| Initial Disclosures | May 17, 2024. |
| Completion of Fact Discovery | Nine (9) months after the Court's ruling on NBAP's second motion to dismiss |
| Disclosure of Plaintiff's Expert Report(s) | One (1) month after the close of fact discovery |
| Last Day for Motion for Class Certification to be filed | One (1) month after the close of fact discovery |
| Hearing on Motion for Class Certification | One (1) month after Plaintiff's filing of their reply in support of motion for class certification |
| Post-Class Certification Case Management Conference | Fourteen (14) days after the Court's ruling on Plaintiff's motion for class certification. |

The Parties cannot come to an agreement on the class certification briefing schedule.

Plaintiff's position:

| Event | Deadline |
| --- | --- |
| Disclosure of Defendant(s)'s Expert Report(s) | Two (2) months after the close of fact discovery |
| Last Day for Opposition to Motion for Class Certification | Two (2) months after the close of fact discovery |

| Last Day for Reply in support of Motion for Class Certification | Three (3) months after the close of fact discovery |
|---|---|
| Disclosure of Plaintiff's Expert Reply Report(s) | Three (3) months after the close of fact discovery |

Defendants' Position:

| Event | Deadline |
|---|---|
| Disclosure of Defendant(s)'s Expert Report(s) | Four (4) months after the close of fact discovery |
| Last Day for Opposition to Motion for Class Certification | Four (4) months after the close of fact discovery |
| Last Day for Reply in support of Motion for Class Certification | Five (5) months after the close of fact discovery |
| Disclosure of Plaintiff's Expert Reply Report(s) | Five (5) months after the close of fact discovery |

If class certification is granted, the Parties will confer and jointly propose an amended post-certification case schedule, including additional time to complete post-certification discovery and file any further dispositive motions. In particular, after a ruling on Plaintiff's motion for class certification, the Parties shall meet and confer within fourteen (14) days for purposes of setting a further schedule for any remaining necessary fact merits discovery, merits expert reports and/or expert discovery necessary prior to trial.

**16. Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has requested a jury trial. The Parties believe that an accurate trial estimate will be possible after it is determined whether (1) the NBAP is a proper Party to this action, (2) a class will be certified in this action and, (3) if so, the composition of that class.

**17. Disclosure of Non-Party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the*

subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Each Party has filed the required Certification of Interested Entities or Persons.

### 18. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The undersigned represent that all attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None.

Dated:  May 24, 2024                     **BURSOR & FISHER, P.A**.

By:    */s/ Stefan Bogdanovich*[1]
                Stefan Bogdanovich

L. Timothy Fisher (State Bar No. 191626)
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
           sbogdanovich@bursor.com

*Attorneys for Plaintiff*

By:    */s/ Kenneth P. Herzinger*

Kenneth P. Herzinger (SBN 209688)
Kelsey R. McQuilkin (SBN 340288)
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7040
Facsimile: (415) 856-7100

---

[1] I, Stefan Bogdanovich, attest that, pursuant to the N.D. Cal. Local. Civ. R. 5-1(i)(3) that the other Signatory has concurred in the filing of the document.

kennethherzinger@paulhastings.com
kelseymcquilkin@paulhastings.com

Aaron Charfoos (pro hac vice)
71 S. Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6016
Facsimile: (312) 499-6116
aaroncharfoos@paulhastings.com

*Attorneys for Defendants*