UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FAN,<br><br>        Plaintiff,<br><br>    v.<br><br>NBA PROPERTIES INC., *et al*.,<br><br>        Defendants. | Case No. 23-cv-05069-SI<br><br>**ORDER DENYING DEFENDANT NBA PROPERTIES' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND GRANTING MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 59, 60, 61, 66, 69 |

Now before the Court is defendant NBA Properties Inc.'s motion to dismiss plaintiff's second amended complaint. Dkt. No. 59. The Court determined that this matter was suitable for resolution without oral argument and VACATED the hearing on this matter pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, defendant's motion is DENIED. In addition, the Court GRANTS the parties' administrative motions to seal.

Plaintiff Thomas Fan brings this putative class action against NBA Properties, Inc. ("NBA Properties"), and Dapper Labs, Inc. ("Dapper"), asserting claims under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, and California Civil Code § 1799.3. The second amended complaint ("SAC") alleges that defendants sell blockchain video clips known as "Moments" on www.nbatopshot.com, and that defendants collected and shared highly sensitive and specific personal information about NBA Top Shot users' video consumption habits without their informed written consent. SAC ¶¶ 1, 5 (Dkt. No. 50).

The Court previously granted defendants' motion to dismiss Fan's first amended complaint as to defendants NBA Properties and National Basketball Players Association, with leave to amend to amplify the joint venture allegations. Dkt. No. 48 ("Order") at 2. The Court denied the motion as to Dapper, holding that Fan stated a claim under the VPPA and California Civil Code § 1799.3

because, *inter alia*, NBA Top Shot is "video tape service provider" under the VPPA and that it "provide[s] video recording sales" under § 1799.3. *Id*. at 6.

On April 5, 2024, Fan filed the SAC asserting claims against defendants Dapper and NBA Properties. The SAC alleges that NBA Top Shot is either a "joint venture or partnership" and defendants are "partners" in the NBA Top Shot "[e]nterprise," and includes new joint venture allegations based upon a publicly recorded conversation between Dapper's CEO, Roham Gharegouzlou, and NBA Commissioner Adam Silver, at NBA Con 2023; a "pop-up" on the nbatopshop.com website; and the license agreements between the parties. *Id*. ¶¶ 52-66.[1] The SAC alleges that NBA Properties has control over various aspects of the NBA Top Shot venture, shares in its profits, has an ownership interest in the venture, and that the conduct of the parties demonstrates that the parties created a joint venture or partnership. *Id*.

NBA Properties contends that the joint venture/partnership allegations are insufficient, and that for the same reason, Fan lacks standing to bring a claim against NBA Properties. To create a joint venture under California law,[2] the members must: (1) "have joint control over the venture (even though they may delegate it)"; (2) "share the profits of the undertaking"; and (3) "each have an ownership interest in the enterprise." *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 370 (2008). "Whether a joint venture actually exists depends on the intention of the parties." *Id.*; *see also Holmes v. Lerner*, 74 Cal. App. 4th 442, 454 (1999) (elements of joint venture or partnership "should be viewed in the light of the crucial factor of the intent of the parties revealed in the terms of their agreement, conduct, and the surrounding circumstances when determining whether a partnership exists").

The Court concludes that Fan's allegations are sufficient as a pleading matter and that whether the parties have in fact created a joint venture or partnership is a factual question that must

---

[1] Although the first amended complaint did not contain allegations based upon the license agreements, the parties' briefing on the prior motion to dismiss did discuss those agreements.

[2] The parties' briefing cites both California and New York law, and the parties appear to agree that the elements of a joint donventure are largely the same under either law. NBA Properties also states that it reserves the choice-of-law question. Mot. at 7 n.1. In resolving the current motion, the Court will rely on California law, without prejudice to NBA Properties later seeking to invoke New York law if appropriate.

be determined on a full factual record.  "Where evidence is in dispute the existence or non-existence of a joint venture is a question of fact to be determined by the jury." *April Enterprises, Inc. v. KTTV*, 147 Cal. App. 3d 805, 819-20 (1983).  The Court notes that many, if not most, of the cases cited by the parties were decided on summary judgment or after a trial.  NBA Properties emphasizes that the Court previously stated that allegations based upon the license agreements, without more, would not be sufficient because the license agreements disclaim an intent to create a joint venture.  However, the SAC does contain new allegations aside from those based on the license agreements, and Fan's opposition briefing cites authority for the proposition that a joint venture or partnership can be created even where the parties have expressly disclaimed an intent to do so.  *See, e.g.*, *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 853-54 (C.D. Cal. 2004).

Accordingly, the Court finds that Fan has alleged a basis for holding NBA Properties liable and has standing to bring claims against NBA Properties, and DENIES defendant's motion to dismiss plaintiff's second amended complaint.

**IT IS SO ORDERED**.

Dated: July 2, 2024

SUSAN ILLSTON
United States District Judge