UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NBA PROPERTIES INC., *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-05069-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND GRANTING MOTION TO SEAL**<br><br>Re: Dkt. Nos. 80, 81 |

Plaintiff's motion for leave to file a third amended complaint is scheduled for a hearing on November 8, 2024. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion. The Court also GRANTS the administrative motion to file the third amended complaint with limited redactions.

**DISCUSSION**

Plaintiff Thomas Fan seeks leave to file a third amended complaint to add two additional class representatives. Fan states that during the course of gathering evidence for this case, he learned that third party Meta Platforms Inc. ("Meta") may have lost or deleted data that Meta collected from his activities on defendants' NBA Top Shop website. *See generally* Bogdanovich Decl. ¶¶ 5-14 & Ex. B-E (Dkt. No. 81-1). Fan seeks to add two class representatives whose data may not have been lost or deleted.

Defendants oppose Fan's motion, contending that it is brought "at the eleventh hour" and that defendants will be prejudiced by the amendment. Defendants also contend that that Fan lacks standing and the case should be dismissed. In addition, defendants assert that Fan and his counsel should have known about the evidentiary issues prior to filing the complaint and therefore have

1  acted in bad faith and unduly delayed, and that any amendment would be futile.

2  Rule 15(a)(2) instructs the Court to "freely" grant a motion to amend pleadings unless (1) doing so would prejudice the opposing party; (2) the amendment is sought in bad faith; (3) the amendment causes undue delay; or (4) the proposed amendment would add a futile claim. *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 951 (9th Cir. 2006). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *Id.* (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). The opposing party bears the burden to show why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs*., 127 F.R.D. 529, 530 (N.D. Cal. 1989).

The Court concludes that Fan should be granted leave to amend and that defendants' have not met their burden to defeat amendment. As an initial matter, the motion was not brought "at the eleventh hour." Fan filed the motion on the day the Court set as the deadline for amendment of pleadings, and this case is still in a relatively early stage of litigation, with the non-expert discovery cut-off set for April 2, 2025. *Cf. Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend."). Further, the amendment does not prejudice defendants because the additional class representatives assert the same claims as Fan and the proposed amendment does not add any new causes of action.

Defendants contend that Fan lacks standing because "by his own admission" he "does not have any evidence that he had Facebook and the NBA Top Shop website open at the same time when he purchased NBA Top Shot Moments from Dapper." Defs' Opp'n at 2. However, as Fan notes, prior to filing this litigation Fan took a screenshot from his Facebook page showing that Facebook represented that it had collected 3 separate interactions from nbatopshot.com. *See* Bogdanovich Decl. Ex. B. Fan has alleged that defendants improperly disclosed his private information to Meta, and the screenshot is evidence in support of those allegations. This is sufficient to confer standing. *See Salazar v. Nat'l Basketball Ass'n*, No. 23-1147, __ F.4th __, 2024 WL 4487971, at *7 (2d Cir. Oct. 15, 2024) ("[W]e similarly have 'no trouble' holding here that Salazar's alleged harm is sufficiently concrete to withstand dismissal. . . . Salazar's core allegation is that his

personally identifiable information was exposed to an unauthorized third party. . . . And Salazar doesn't just allege that his data was exposed to a third party; rather, he asserts that it was disclosed as a result of an arrangement between the NBA and Meta pursuant to which the NBA deliberately uses the Facebook Pixel.") (internal citations omitted).

The Court finds defendants' remaining arguments unpersuasive. The Court finds no evidence of bad faith or delay on the part of Fan or his counsel. The record shows that as soon as Fan learned that Meta may have deleted his information, he notified his counsel, who promptly filed the current motion. Plaintiff and his counsel also assert that Fan was vetted prior to the filing of this lawsuit and that based on the screenshot Fan took of his Facebook page, Fan and his lawyers believed that Meta possessed the data related to Fan. As to futility, plaintiff has submitted information showing that Meta received data from nbatopshot.com regarding the two new proposed class representatives as recently as September 8, 2024 and June 20, 2024, and plaintiff asserts that those facts, combined with the litigation hold letter recently sent to Meta, make it much more likely that Meta still possesses the data regarding the two new class representatives.

Accordingly, the Court GRANTS plaintiff's motion for leave to file the proposed third amended complaint. Plaintiff shall file the complaint within 2 days of the filing of this order.

**IT IS SO ORDERED**.

Dated: October 30, 2024

SUSAN ILLSTON
United States District Judge