UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FAN, MATTHEW KIMOTO, and CLINTON BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>NBA PROPERTIES, INC. and DAPPER LABS, INC.,<br><br>Defendants. | Case No. 3:23-cv-05069-SI<br><br>**AMENDED FINAL APPROVAL ORDER AND JUDGMENT**<br><br><br><br>Dkts. 120 - 121 |

WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order granting final approval of the Settlement of this Action pursuant to the settlement agreement fully executed on or about July 29, 2025 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice;

WHEREAS, the Court granted preliminary approval of the Settlement on August 19, 2025; and

WHEREAS, the Court has read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Memorandum in Support of Motion for Final Approval of Class Action Settlement;

IT IS HEREBY **ORDERED** as follows:

1. <u>Defined Terms</u>. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. <u>Class Certification for Settlement Purposes Only</u>: The Court finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

3. <u>Class Definition</u>: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement Agreement, the following Settlement Class: all individuals in the United States who had NBA Top Shot accounts and Facebook accounts from June 15, 2020 to January 30, 2025. Excluded from the Settlement

1  Class are any entity in which Defendants have a controlling interest, and officers, directors,
2  agents, attorneys, and employees of Defendants.

3      4.    <u>Class Representatives and Class Counsel</u>: The Court appoints Bursor & Fisher,
4  P.A. as Class Counsel for the Settlement Class.  The Court appoints Thomas Fan, Matthew
5  Kimoto, and Clinton Brown as the Class Representatives.

6      5.    <u>Class Notice</u>: Notice of the pendency of this action as a class action and of the
7  proposed settlement was given to Settlement Class Members in a manner reasonably calculated to
8  provide the best notice practicable under the circumstances. The form and method of notifying the
9  Settlement Class Members of the pendency of the Action as a class action and of the terms and
10 conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process,
11 and any other applicable law, and constituted due and sufficient notice to all persons and entities
12 entitled thereto. The record establishes that the Settlement Administrator served the required
13 notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation
14 required by 28 U.S.C. § 1715(b)(1-8).

15     6.    <u>Approval of the Settlement</u>: The Court finds that the requirements of Rule 23(e) of
16 the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement
17 approval of class actions have been satisfied, and the Court approves the settlement of this Action
18 as memorialized in the Settlement Agreement as being fair, just reasonable and adequate to the
19 Settlement Class Members. The Court further finds that the Settlement Agreement substantially
20 fulfills the purposes and objectives of the class action and provides substantial relief to the
21 Settlement Class Members without the risks, burdens, costs or delays associated with continued
22 litigation, trial and/or appeal.  The Settlement is not a finding or admission of liability by the
23 Defendants or any other person, nor a finding of the validity of any claims asserted in the Action
24 or of any wrongdoing or any violation of law.

25     7.    The Court has considered and finds Class Counsel and the Class Representatives
26 have adequately represented the Settlement Class Members.  Plaintiffs, by and through their
27 counsel, have investigated the pertinent facts and law, and have evaluated the risks associated
28 with continued litigation, class certification, trial, and/or appeal.  The Court finds that the

Settlement Agreement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

8. The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing Settlement Class Member claims is reasonable and appropriate, and that the Settlement Agreement treats all Settlement Class Members equitably relative to each other.

9. The Court has evaluated this overall reaction of the Class to the Settlement and finds that the overall acceptance of the Settlement Agreement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

10. <u>Disbursement of Settlement Fund</u>: The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The parties are authorized to disburse funds from the Settlement Fund in accordance with the terms and conditions of the Settlement Agreement.

11. <u>Settlement Administrator</u>: Epiq Systems, Inc. ("Epiq") is finally appointed to continue to serve as the Settlement Administrator. The Settlement Administrator is directed to process all Claim Forms in accordance with the Settlement Agreement. Class Counsel and Counsel for Defendants are hereby authorized to employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement.

12. <u>Settlement Administration Expenses</u>: The Court authorizes the payment of the Settlement Administration Expenses from the Settlement Fund pursuant to Paragraphs 1.32 and 1.37 of the Settlement Agreement.

13. <u>Attorneys' Fees, Costs and Expenses</u>: Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel total attorneys' fees, costs and expenses in the amount of $1,974,000.

14. <u>Service Awards</u>: The Court awards $10,000 each to Plaintiffs Thomas Fan, Matthew Kimoto, and Clinton Brown as service awards for their participation in this matter.

15. <u>Dismissal</u>: The Action is hereby dismissed with prejudice and without costs as against Defendants and the Released Parties.

16. <u>Releases</u>: Class Representatives and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) and all persons acting on behalf of or in concert with any of the above, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties. The Court finds that issuance of the permanent injunction described in this paragraph is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Order.

17. <u>Judgment</u>: This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits and (b) the settling parties for purposes of construing, enforcing and administering the Settlement Agreement.

18. <u>Retaining Jurisdiction</u>.  This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.  Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

Dated: December 19, 2025

SUSAN ILLSTON
United States District Judge